# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLEN ENGLE,                          :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :   **Case No.: 2:21-cv-1278**
                                     :
GREAT LAKES COLD LOGISTICS,          :
INC.,                                :
                                     :   **COMPLAINT IN CIVIL ACTION**
          Defendant.                 :
                                     :


Filed on Behalf of Plaintiff:
Glen Engle

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC.
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:      (412) 545-3015
Fax No.:        (412) 540-3399
E-mail:         jward@jpward.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLEN ENGLE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No.: 2:21-cv-1278** |
| | : | |
| **GREAT LAKES COLD LOGISTICS, INC.,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## COMPLAINT

AND NOW, comes Plaintiff, Glen Engle, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Great Lakes Cold Logistics, Inc., of which the following is a statement:

## PARTIES

1.      Plaintiff, Glen Engle (hereinafter "Mr. Engle"), is an adult individual who currently resides at 9375 Shepherd Drive, Beaumont, Texas 77707.

2.      Defendant, Great Lakes Cold Logistics, Inc., (hereinafter "Great Lakes"), is a corporation with its principal place of business located at 919 Brush Creek Road, Warrendale, Pennsylvania 15086.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper as Mr. Engle brings this lawsuit under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann.

§333.101, *et seq.* (hereinafter "the PMWA"), and the Wage Payment and Collection Law, (hereinafter "WPCL"), 43 P.S. §260.1 *et seq.*

4.      This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

5.      A substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

6.      On or about October 5, 2020, Mr. Engle initiated employment with Great Lakes as an Over-the-Road Truck Driver.

7.      Mr. Engle's duties included delivering goods to various distribution centers across the northeastern United States.

8.      Great Lakes promised to compensate Mr. Engle at a rate of fifty-five cents ($0.55) per mile driven.

9.      Great Lakes had a policy that permitted Mr. Engle to be driving, on the clock, minus break times, for up to eleven (100) hours per day.

10.     Mr. Engle would regularly work fifty to seventy (50-70) hours per week.

**A.  Great Lakes had a Pattern and Practice to Pay Less Mileage than Driven.**

11.     Mr. Engle had a habit and practice of regularly, and contemporaneously, recording the miles driven each day on his odometer.   Additionally, Mr. Engle would regularly check the mileage against Google Maps to verify, with accuracy, the miles he had driven.

12.     Mr. Engle would calculate his miles and report them to Great Lakes using a "Trip Sheet", which he would submit to the payroll department.

13.     Great Lakes had a habit, pattern and practice of adjusting the miles downward, diminishing the payroll check that was given to Mr. Engle.

14.     Mr. Engle confronted employees within the payroll department of Great Lakes about the negative adjustments to his miles.  At which point, employees from Great Lakes told Mr. Engle that they utilize a software program to calculate the shortest route and/or shortest miles in which a hypothetical driver could have completed the trip.   However, Mr. Engle pointed out that Great Lakes promised to pay Mr. Engle for his "actual miles" driven and that his notations were accurate and contemporaneous.

15.     Great Lakes refused to pay Mr. Engle for the actual miles driven, thereby illegally deducting from Mr. Engle's earned wages.

**B.  Payroll Dispute and Retaliatory Termination**

16.     On or about early June of 2021, Mr. Engle was instructed to deliver a load to a distribution center for less than minimum wage.

17.     Upon Mr. Engle's inquiry into the unlawful compensation rate, he was informed his only options were to deliver the load to the distribution center at a rate less than minimum wage or be terminated.

18.     Thereafter, on or about June 4, 2021, Mr. Engle's employment was effectively terminated.

19.     Further, although Mr. Engle thoroughly cleaned out his truck for two days to ensure it was returned to Great Lakes in proper condition, Great Lakes charged Mr. Engle a $150.00 cleaning fee to which he has not been reimbursed.

20.     As of the date of this Complaint, Mr. Engle has been denied compensation of approximately $150.00 Memorial Day holiday pay, $400.00 of layover pay, and $60.00 of detention pay to which he is owed.

21.     Furthermore, Mr. Engle has not been compensated for his back pay related to all overtime hours worked and the miscalculation of miles for several deliveries.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF
## THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 206, *et seq.*

22.     Mr. Engle incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

23.     Under the FLSA, employers are required "to pay their employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week, 29 U.S.C. § 207." *De Asencio v. Tyson Foods, Inc*., 342 F.3d 301, 306 (3d Cir. 2003).

24.     Mr. Engle is an "employee" as defined by 29 U.S.C. §203(e)(1) of the FLSA.

25.     Great Lakes is an "employer" as defined by 29 U.S.C. §203(d) of the FLSA.

26.     On or about early June of 2021, Great Lakes instructed Mr. Engle to deliver a load to a distribution center for less than minimum wage or be terminated in violation of 29 U.S.C. §206(a)(1).

27.     Pursuant to the FLSA, once a plaintiff establishes a right to payment "of their… unpaid minimum wages," liquidated damages in an "additional equal amount" is warranted. 29 U.S.C. § 216(b).

28.     Furthermore, the FLSA's liquidated damages provisions "is not penal in nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Andrews v. Cross Atlantic Capital Partners, Inc.*, 158 A.3d 123, 134 (Pa. Super. 2017) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

29.     As a direct and proximate result of the aforementioned conduct, Mr. Engle suffered actual damages, including, but not limited to, lost wages and emotional distress in the past, present and future.

WHEREFORE, Plaintiff, Mr. Engle, respectfully requests this Honorable Court enter judgment in his favor and against Defendant and enter any and all back wages, liquidated damages, costs and attorney fees, in addition to such other relief as deemed just and proper.

## COUNT II
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF
## THE PENNSYLVANIA MINIMUM WAGE ACT

30.     Mr. Engle incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

31.     The PMWA states that "[e]very employer shall pay to each of his or her employees' wages for all hours worked at a rate of not less than . . . [s]even dollars fifteen cents ($7.15) an hour beginning July 1, 2007." 43 Pa. Stat. § 333.104(a) (8); see *Ford-Greene v. NHS, Inc.*, 106 F. Supp. 3d 590, 612–13 (E.D.Pa. 2015).

32.     Because the PMWA "substantially parallels" the FLSA, this Court should look to the federal courts' interpretation of the FLSA when analyzing claims under the PMWA. *Philadelphia Metal Trades Council v. Konnerud Consulting W., A.S.*, No. CV 15-5621,

2016 WL 1086709, at *5 (E.D. Pa. Mar. 21, 2016) (citing *Ford-Greene*, 106 F. Supp. 3d at 610–13 (applying the Third Circuit's analysis in Davis to the plaintiff's claims under both the FLSA and PMWA).

33.     Thus, "plaintiff-employees asserting PMWA violations must substantiate their claims by demonstrating that they performed work for which they were not paid . . . and that the defendant-employer had actual or constructive knowledge of the plaintiff's overtime work." *Alers v. City of Philadelphia*, 919 F. Supp. 2d at 560.

34.     On or about early June of 2021, Great Lakes informed Mr. Engle to deliver a load to a distribution center for less than minimum wage or be terminated from his employment.

35.     As a direct and proximate cause of the aforementioned conduct, Mr. Engle suffered actual damages, including, but not limited to, wage loss, loss of income, and emotional distress damages, all in the past, present and future.

36.     As set forth hereinabove, Great Lakes's actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

WHEREFORE, Plaintiff, Mr. Engle, respectfully requests this Honorable Court enter judgment in his favor and against Defendant and enter any and all back wages, liquidated damages, costs and attorney fees, in addition to such other relief as deemed just and proper.

## COUNT III
## WPCL VIOLATIONS
## 43 P.S. §260.1 *et seq*

37.     Mr. Engle incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

38.     Section 260.5(a) of the WPCL provides:

> Whenever an employer separates an employee from the payroll, or whenever an employee quits or resigns his employment, the ***wages or compensation earned shall become due and payable*** not later than the next regular payday of his employer on which such wages would otherwise be due and payable.

43 P.S. §260.5(a) (emphasis added).

39.     Wages include "all earnings of an employee, regardless of whether determined on time, task, piece, commission, or other method of calculation.  The term "wages" also includes fringe benefits or wage supplements…" 43 P.S. §260.2(a).

40.     Great Lakes is an "employer" as defined by 43 P.S. §260.2a.

41.     Mr. Engle is an "employee" under the Pennsylvania WPCL, 43 P.S. §260.1 *et seq.* Although, "employee" is not explicitly defined within the WPCL, Pennsylvania courts have interpreted the term liberally to cover "those who work in Pennsylvania…" *Frank Burns, Inc. v. Interdigital Communs. Corp*, 704 A.2d 678, 680-81 (Pa Super. 1997) (citing *Killian v. McCulloch*, 873 F. Supp. 938, 942 (E.D. Pa. 1995)).

42.     Throughout Mr. Engle's employment, he reported his miles driven on the Great Lakes provided "Trip Report" sheets and kept a personal record in a notebook and calendar to ensure the proper documentation of all trips.

43.     Upon information and belief, Mr. Engle was not compensated for all miles driven for several of his deliveries, as Great Lakes intentionally input the miles driven into the "Practical Miles" software incorrectly to display a lesser number of miles traveled.

44.     Under the WPCL, an employer who withholds wages in bad faith warrants imposition of liquidated damages in "an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater." 43 P.S. § 260.10; see

also, *Bansept v. G & M Automotive*, 434 F.Supp.3d 253, 260 (E.D. Pa. 2020); *Andrews v. Cross Atl. Capital Partners, Inc.*, 158 A.3d 123, 136 (Pa. Super. Ct. 2017).

45.     On or about June 4, 2021, Mr. Engle was effectively terminated from his employment with Great Lakes due to his refusal to deliver a load for less than minimum wage.

46.     For the entirety of his employment with Great Lakes, Mr. Engle was unlawfully denied proper compensation for all miles driven and all overtime hours worked.

47.     Additionally, Mr. Engle has yet to be reimbursed for approximately $150.00 Memorial Day holiday pay, $400.00 of layover pay, $60.00 of detention pay, and a $150.00 cleaning fee.

48.     By willfully refusing to pay Mr. Engle the proper wages and benefits he is owed, Great Lakes violated 43 P.S. §260.5(a) of the WPCL.

49.     As a direct and proximate result of the aforementioned conduct, Mr. Engle suffered actual damages, including, but not limited to, lost wages and emotional distress in the past, present and future.

WHEREFORE, Plaintiff, Mr. Engle, respectfully requests this Honorable Court enter judgment in his favor and against Defendant and enter any and all back wages, liquidated damages, costs and attorney fees, in addition to such other relief as deemed just and proper.

## COUNT IV

### FLSA RETALIATORY TERMINATION / WRONGFUL TERMINATION

50.     Mr. Engle incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

51.     The retaliation provision of the FLSA states, "[I]t shall be unlawful for any person … to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA] or related to this chapter or has testified or is about to testify in any such proceeding …." 29 U.S.C. § 215(a)(3).

52.     To meet the elements for retaliatory discrimination under the FLSA, a plaintiff must establish that "(1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against him, and (3) there was a causal link between the plaintiff's protected action and employer's adverse action." *Jones v. Amerihealth Caritas*, 95 F. Supp. 3d 807 (E.D. Pa. 2015).

53.     In *Kasten v. Saint-Gobain Performance Plastics Corp*., the Supreme Court held that the "[a]nti-retaliation provision of the Fair Labor Standards Act (FLSA) protects oral as well as written complaints of a violation of the Act…" *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325 (2011).

54.     Moreover, even if the employee's alleged FLSA violations are later found to be inaccurate, the "prohibition against retaliatory discharge is not rendered inapplicable if employer's belief that employee has engaged in protected activities under Act proves to be false." *Brock v. Richardson*, 812 F.2d 121 (3d Cir. 1987).

55.     Mr. Engle engaged in the protected activity of reporting an FLSA violation when he inquired as to Great Lakes's demand he deliver a load to a distribution center for less than minimum wage or be terminated.

56.     Due to Great Lakes's refusal to compensate Mr. Engle at a lawful payrate, Mr. Engle was effectively terminated.

57.     Great Lakes took an adverse employment action against Mr. Engle when they effectively terminated his employment as a result of his refusal to deliver a load for a pay rate of less than minimum wage.

58.     Furthermore, there is a causal link between the protected activity of FLSA report and the adverse employment action taken against Mr. Engle. This causal link is shown by the temporal proximity of the report and the adverse employment action of his effective termination.

59.     As a direct and proximate result of Great Lakes's tortious conduct, Mr. Engle suffered damages, including, but not limited to, lost back pay, front pay, past, present and future emotional distress, humiliation, and economic loss.

WHEREFORE, Plaintiff, Mr. Engle hereby requests this Honorable Court consider the above and grant relief in his favor and against Defendant, including back pay, front pay, any other compensatory, punitive, or liquidated damages, costs, attorney fees, and such other relief as deemed just and proper.

## COUNT VII
## BREACH OF CONTRACT
### *(Pled in the Alternative)*

60.     Mr. Engle incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

61.     Mr. Engle was entitled, as part of Great Lakes's employment contract, to paid holiday pay, layover pay, detention pay and the proper payment of straight-time and overtime wages for all hours worked exceeding forty hours.

62.     Great Lakes was bound by the duty of good faith and fair dealing.  As such, Great Lakes had a duty to calculate and reimburse Mr. Engle for all miles driven, all overtime hours worked, his unpaid Memorial Day holiday pay, layover pay, detention pay, and cleaning fee upon his termination.

63.     Great Lakes failed to ensure accuracy of Mr. Engle's wage payment information thus depriving him of his earned benefit.

64.     All conditions precedent to recovery have occurred.

65.     As a direct result of this breach of contract, Mr. Engle has suffered damages as set forth hereinabove.

WHEREFORE, Plaintiff, Mr. Engle, hereby requests this Honorable Court consider the above and grant relief in his favor and against Defendant, including back pay, any other compensatory damages, costs of suit, consequential damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court.


## COUNT VIII
## QUASI-CONTRACT / UNJUST ENRICHMENT
### *(Pled in the Alternative)*

66.     Mr. Engle incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

67.     Mr. Engle had an expectation of payment from Great Lakes.

68.     Mr. Engle conferred a benefit upon Great Lakes.

69.     Great Lakes appreciated the benefit of Mr. Engle's time and efforts.

70.     It would be manifestly unjust if the Great Lakes' acceptance and retention of such benefits were permitted without payment of value to Mr. Engle.

71.     As a direct and proximate cause of the aforementioned conduct, Mr. Engle suffered actual damages, including, but not limited to, wage loss, loss of income.

WHEREFORE, Plaintiff, Mr. Engle, hereby requests this Honorable Court consider the above and grant relief in his favor and against Defendant, including back pay, any other compensatory, costs of suit, consequential damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: September 24, 2021                    By: _____
                                                   Joshua P. Ward (Pa. I.D. No. 320347)
                                                   Kyle H. Steenland (Pa. I.D. No. 327786)

                                                   J.P. Ward & Associates, LLC.
                                                   The Rubicon Building
                                                   201 South Highland Avenue
                                                   Suite 201
                                                   Pittsburgh, PA 15206
                                                   Counsel for Plaintiff